CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED Roanoke
for
NOV 16 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID EDISON REPASS, ) | |
| Petitioner, ) | Civil Action No. 7:07CV00395 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Petitioner David Edison Repass, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Repass alleges in his § 2255 motion that his counsel was ineffective for: (1) encouraging Repass to plead guilty as to Count Four, possession of a firearm in furtherance of a drug trafficking crime; and (2) failing to assert to the court that there was no factual basis for the court to accept a plea of guilty as to Count Four. On October 22, 2007, respondent filed a motion to dismiss. The court notified Repass of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised him that his failure to reply could result in the dismissal of his claims. Twenty days have passed and Repass has not responded, thus making the underlying matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 6:05CR00030, the court finds that Repass waived his current claims in his plea agreement. Accordingly, the court finds that respondent's motion to dismiss must be granted.

I.

On August 18, 2005, Repass was named in a nine-count indictment in the Western District of Virginia. On May 19, 2006, Repass pleaded guilty to Counts One and Four of the indictment which charged him with conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of Title 21 U.S.C. § 846, and possession of a firearm in

furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1).

By final judgment order, entered August 16, 2006, the court sentenced Repass to a total term of 181 months of imprisonment. Repass did not appeal his conviction or sentence. He filed the current § 2255 motion on August 14, 2007.

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Repass bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth

2

of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry

3

of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver.[1] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Repass' guilty plea and waiver of § 2255 rights, the court must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Repass knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Repass specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Resp't Ex. A, Plea Agreement 5.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Repass and his attorney represented by their initials and signatures on the plea agreement that Repass had been fully advised of, and understood, its terms. Repass further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Resp't Ex. A, Plea Agreement 8.) Additionally, Repass does not dispute that he read and understood the collateral attack waiver provision nor does he claim that the waiver provision of that agreement is invalid.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Repass on May 19, 2006. During the plea

---

[1] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

4

colloquy Repass indicated to the court that he was born on May 6, 1944, that he had completed twelfth grade, and that he was not under the influence of any medication that hampered his ability to understand the courtroom proceedings. The court reviewed with Repass the constitutional rights he forfeited by pleading guilty, and Repass indicated that he understood the rights he was giving up. Repass affirmed that he had been given ample opportunity to consult with his attorney and that he was fully satisfied with the counsel, representation, and advice given by his attorney. Repass' counsel specifically indicated to the court that Repass agreed to the waiver of the right to collaterally attack his sentence. Repass denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise induced him to plead guilty. The court determined, at the conclusion of the plea colloquy, that Repass' plea was knowing and voluntary. Therefore, the court finds that Repass' representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Accordingly, the court concludes that Repass' waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Repass' claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the Fourth Circuit applied in Attar are applicable here. See Attar, 38 F.3d at 732-33. All of Repass' claims pertain to times prior to Repass signing the plea agreement and, thus, could reasonably have been foreseen when he entered his plea. Repass does not claim that his sentence of 180 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factor such as race. A claim of ineffective assistance of counsel at a guilty plea hearing only falls outside the scope of the collateral attack waiver if the defendant has been completely deprived of counsel. Attar, 38 F.3d

5

at 732-33. A claim that counsel was generally ineffective does not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver.[2] See Lemaster, 403 F.3d at 219-20. Therefore, Repass' claims fall within the scope of the plea agreement waiver and are, therefore, not cognizable claims for post conviction relief in a motion brought pursuant to § 2255. Accordingly, the court will grant respondent's motion to dismiss and will deny Repass' motion for relief pursuant to § 2255.

## IV.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Repass knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The

---

[2] Even assuming that Repass' claims of ineffective assistance of counsel are excepted from the waiver in the plea agreement, they fail on the merits. Repass must prove that counsel's representation fell below "an objective standard of reasonableness" and that, but for counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). Notwithstanding the fact that Repass declared in open court that he was satisfied with the representation of his attorney, Repass fails to even allege, much less demonstrate, that he would have rejected the plea agreement and insisted on going to trial absent counsel's alleged errors. Repass' claim that counsel should have informed the court that there was no factual basis for the court to accept Repass' guilty plea as to Count Four fails. There was no need for counsel to make any arguments of defense as Repass chose to plead guilty. Further, Repass' claim that counsel induced him to plead guilty fails. First, counsel made a reasonable strategic move in advising Repass to plead guilty. In so doing, Repass avoided being convicted of more charges, which carried the possibility of a greater sentence. He also gained a three-point reduction in offense level for acceptance of responsibility and stood a chance to earn a further reduction in sentence for substantial assistance to law enforcement. These options would not have been available after a conviction at trial. Moreover, counsel believed, as admitted by Repass, that the government had a strong case against him. There were many witnesses willing to testify that Repass sold methamphetamine to them. Furthermore, pursuant to a valid search warrant, nine assorted firearms, 200 grams of methamphetamine, and surveillance equipment were all found at Repass' residence. Had the case gone to trial, the jury had ample evidence to find Repass guilty of the firearm charges and a conspiracy involving a much higher drug amount. Accordingly, he would have lost the sentencing advantages he gained by pleading guilty. Counsel's advice to accept the plea agreement was not unreasonable, given the great sentencing benefits to be gained through the plea agreement. Thus, under these circumstances, the claim that counsel erred in advising Repass to plead guilty fails under both prongs of Strickland. Finally, a defendant who pleads guilty waives all claims relating to constitutional violations that occur before the entry of the plea. See Tollett v. Henderson, 411 U.S. 258, 266 (1973). Therefore, Repass' allegations fail to support a claim of ineffective assistance.

United States has adhered to its part of the plea bargain. Granting Repass relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. Accordingly, the court will grant the motion to dismiss. An appropriate Order shall be issued this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to petitioner and counsel of record for respondent.

**ENTER:** This 16th day of November, 2007.

*/s/ Norman K. Moon*
United States District Judge

7

Case 7:07-cv-00395-NKM-mfu   Document 10   Filed 11/16/07   Page 7 of 7   Pageid#: 88